IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE KELLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BROOKLYN EVENTS CENTER, LLC d/b/a BARCLAYS CENTER, LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP, and PROFESSIONAL SPORTS CATERING LLC,<br><br>Defendants. | <br>No. 1:17-cv-4600 (~~SAM~~)(RLM) |

### [~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS AND FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF ATTORNEYS' FEES AND COSTS, AND APPROVAL OF SERVICE AWARD

The above-entitled matter came before the Court on Plaintiff's Unopposed Motions for Certification of the Settlement Class and Final Approval of Class Action Settlement, Approval of Attorneys' Fees and Costs, and Approval of Service Award ("Motions for Final Approval"). Defendant does not oppose the Final Approval Motions.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Based upon the Court's review of the motions, memorandum, and other papers submitted in connection with the Motions for Final Approval, the Court grants final approval of the settlement memorialized in the Settlement Agreement and "so orders" all of its terms, which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. Based on a review of those papers and the Court's familiarity with the case, the

Court concludes that the Settlement is the result of extensive, arm's-length negotiations and is in all respects, fair, reasonable, and adequate, and binding on all members of the Class who have not opted out. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Duling v. Gristede's Operating Corp.*, 267 F.R.D. 86, 99 (S.D.N.Y. 2010); *Capsolas v. Pasta Res., Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012). The programmatic and class member relief are meaningful, especially when weighed against the risks of ongoing litigation.

3. The Court further finds that the response of the Class Members to the Settlement Agreement supports approval of the Settlement. As of the date of this Order, only one individual has opted out of the Settlement. This is in contrast to the high number of the Settlement Class Members who have filed Claim Forms (i.e., 38, or approximately 52 percent). The exclusion form of the individual who has opted out is attached as Exhibit A to this Order.

4. The Court finds that the Notice effectuated was the best practicable notice under the circumstances, and was accomplished in all material respects, as set forth in the Declaration of Keith Salhab on behalf of the Claims Administrator, American Legal Claim Services, LLC.

5. The Class Notices provided adequate notice of these proceedings and the terms of the Settlement Agreement to all parties entitled to such notice. The distribution of the notice fully met the requirements of Federal Rule of Civil Procedure ("Rule") 23 and satisfied the requirements of constitutional due process and any other applicable law.

6. On October 2, 2018, the Court preliminarily certified the Settlement Class. Oct. 2, 2018, Order. The Court now grants final certification because the requirements under Rule 23 have been met.

7. Pursuant to Rule 23, the Court certifies the following Settlement Class:

"[A]pplicants who applied for a position with Levy at the Barclays Center during the Class Period [August 4, 2014 through August 15, 2018], and: (i) were otherwise eligible for employment; (ii) were identified by Levy as having a background report showing a criminal history through background reports procured from a consumer reporting agency retained by Levy; and (iii) who were not hired by Levy either because of unintentional administrative error or on the basis of their criminal history."

8. The Settlement Class meets all of the requirements for class certification under Rules 23(a) and (b)(2) and (b)(3). Plaintiff's common contentions predominate over any issues affecting only individual Class Members. Class adjudication is superior because, among other reasons, the potential recovery for Class Members is comparatively modest—even if Class Members were to recover full statutory damages—when compared with the effort it would take to assert them individually in court.

9. Outten & Golden LLP and Youth Represent, which the Court previously appointed as Class Counsel, satisfy the requirements of Rule 23(g).

10. The attorneys at Outten & Golden LLP and Youth Represent who prosecuted this case are experienced class action and employment lawyers with good reputations among the class action and employment bars and significant experience in litigating criminal history discrimination matters.

11. The Court grants Plaintiff's Motion for Attorneys' Fees and Costs and awards Class Counsel $165,000.00 in attorneys' fees and expenses reasonably expended litigating and resolving the lawsuit. The award is justified by the work that Class Counsel did in negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. The award shall be paid by Defendant.

12. The Court finds reasonable the service award for Plaintiff Felipe Kelly in the amount of $5,000.00 in recognition of the services he rendered on behalf of the class. The service award shall be paid by Defendant.

13. The Effective Date is the date the Judgment has become Final. In turn, "Final" means the date the Judgment becomes final for all purposes, because either (i) no appeal has been filed and thirty (30) days have lapsed since entry of the Judgment, or (ii) if there is an appeal of the Court's decision granting final approval, the day after all appeals are finally resolved in favor of final approval.

14. Within fourteen (14) days of the Effective Date of the Settlement, Defendant will transfer to the Settlement Administrator the following amounts: $250.00 for each Tier One Class Member, and for individuals who submit Claim Forms, $1,950.00 for each Tier Two Class Member, and $2,350.00 for each Tier Three Class Member, $165,000.00 in attorneys' fees and costs, and $5,000.00 for Plaintiff's service award.

15. The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Settlement Class Members from prosecuting claims that have been released pursuant to the Settlement Agreement.

16. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 9th day of September, 2019.

/s

Hon. Roanne L. Mann
United States Magistrate Judge

5

EXHIBIT A

**EXTERNAL EMAIL: Opt out of Settlement**

Deivy Tauzard <███@gmail.com>
Wed 8/14/2019 2:45 PM
To: ███ ; Kelly v Levy Settlement Administrator <info@levysettlement.com>

I, Deivy Tauzard, opt out of the Levy at the Barclays Center Applicant Settlement.

Deivy Tauzard

--
D. Tauzard